# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CLARK KENT JONES,

        Plaintiff,

v.                                Case No.  2:11-cv-12560

SAVITHRI KAKANI, DARRELL L. BRADY,
JOSEPH M. PAINTER, JANE DOE,
PROMEDICA HEALTH SYSTEM - BIXBY
MEDICAL CENTER, and  UNKNOWN MEDICAL
EMPLOYMENT SERVICE/AGENCY,

        Defendants.
_____/

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT, (2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, AND (3) DISMISSING TWO DEFENDANTS**

## I.  INTRODUCTION

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Clark Kent Jones is a state prisoner at the Michigan Reformatory in Ionia, Michigan.  The defendants are: Savithri Kakani, a physician's assistant at Adrian Regional Correctional Facility in Adrian, Michigan; Darrell L. Brady, Joseph M. Painter, and Jane Doe who are medical doctors in Adrian, Michigan; Promedica Health System - Bixby Medical Center in Adrian, Michigan; and an unnamed medical employment service or agency.

The complaint, filed on June 13, 2011, alleges that, on approximately April 25, 2009, defendant Savithri Kakani informed Plaintiff that blood tests indicated that Plaintiff's liver was not functioning properly and that he should consider having a biopsy performed to determine the extent of the problem.  Plaintiff agreed to the biopsy and

was admitted to Promedica Health System-Bixby Medical Center on June 18, 2009.  Dr.

Brady performed the biopsy, assisted by defendants Jane Doe and Joseph M. Painter.

On or about July 28, 2009, defendant Kakani informed Plaintiff that Dr. Brady did not

remove enough liver tissue to make a proper examination and that another biopsy was

needed.  Plaintiff initially agreed to a second biopsy, but later declined to go through

with the procedure.  A few months after the biopsy, he began to experience nightmares

associated with the surgery and pain in the area where the biopsy was performed, and

on March 3, 2011, he learned that his liver was functioning normally.

Plaintiff alleges that Dr. Brady did not inform him of the complications and risks

associated with the biopsy and also failed to mention alternative methods of treatment

or what might occur if he remained untreated.  Plaintiff further alleges that he was not a

proper candidate for a biopsy because he has Hepatitis C.   He claims that the

exploratory surgery was unnecessary, unauthorized, and unwarranted.  He also claims

that the individual defendants deprived him of competent and adequate medical

treatment and that they were deliberately indifferent to his serious medical needs.

## II.  DISCUSSION

### A.  The Motion to Amend

In a motion to amend the complaint, Plaintiff seeks permission to correct a

typographical error in his complaint.  The complaint seeks $75,000,000 in damages

from each defendant and $150,000,000 in punitive damages from each defendant.

Plaintiff wants to amend the complaint to show that he is seeking $75,000 in damages

and $150,000 in punitive damages.  Because the complaint has not been served on the

2

defendants, Plaintiff may amend his complaint.  *See* Fed. R. Civ. P. 15(a)(1).

Accordingly, the court will grant the motion to amend.

### B.  The Motion for Appointment of Counsel

In a motion for appointment of counsel, Plaintiff alleges that he is unable to retain

counsel and that he has limited knowledge of the law and limited access to a law library.

Plaintiffs in civil cases have no right to appointed counsel.  *Garrison v. Mich. Dep't of*

*Corr.*, 333 F. App'x 914, 917 (6th Cir. 2009) (citing *Reneer v. Sewell*, 975 F.2d 258, 261

(6th Cir. 1992)).

> Any appointment of counsel [is] at the discretion of the district court.  *Id.*
> When considering whether to appoint counsel, a court should consider the
> type of the case, the complexity of the issues, and the litigants' ability to
> represent themselves.  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir.
> 1993).  The precedent of this circuit supports appointment of counsel for
> civil litigants only in exceptional circumstances.  *Id.*  A district court's
> decision not to appoint counsel is not reversable (sic) unless it results in
> "fundamental unfairness impinging on due process rights."  *Reneer*, 975
> F.2d at 261.

*Id.* at 917-18.

Plaintiff has demonstrated an ability to represent himself thus far, and there are

no exceptional circumstances requiring appointment of counsel at the present time.

Accordingly, the court will deny the motion without prejudice.

### C.  The Standard of Review and Allegations
### about Promedica and the Unknown Agency

The court has granted Plaintiff permission to proceed without prepayment of the

fees and costs for this action.  (*See* Dkt. #7.)  The court may dismiss all or a portion of

an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious

or fails to state a claim for which relief may be granted or (2) seeks monetary relief from

3

a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036

(6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it

lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when

construed favorably, establish:  1) the deprivation of a right secured by the Constitution

or laws of the United States; 2) caused by a person acting under the color of state law."

*Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med.*

*Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)).  While a complaint need not contain

"detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to

relief "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007) (citations omitted).  Conclusory statements will not suffice, and only a

complaint that states a plausible claim for relief will survive.  *Ashcroft v. Iqbal*, __ U.S.

__, __, 129 S. Ct. 1937, 1949-50 (2009) (citing *Twombly*, 550 U.S. at 555-56).  "So, to

survive scrutiny under §§ 1915A(b)(1) and1915(e)(2)(B)(ii), 'a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face.'"  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at

1949).

Plaintiff alleges that Promedica Health System - Bixby Medical Center and the

unnamed medical employment agency or service that he is suing are vicariously liable

for the acts and omissions of Savithri Kakani, Darrell L. Brady, Joseph M. Painter, and

Jane Doe.  This claim lacks merit because vicarious liability is not applicable to suits

under § 1983.  *Iqbal*, 129 S. Ct. at 1948.  Accordingly, the court will dismiss Promedica

4

Health System - Bixby Medical Center and the unnamed medical employment agency or service pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  In Plaintiff's amended complaint, he shall not include these two inappropriate defendants.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the motion to amend the complaint [Dkt. #10] is GRANTED, and Plaintiff shall be allowed to amend his complaint has specified above, correcting the damages amount and omitting reference to the two dismissed defendants.  Plaintiff shall submit 4 copies of the amended complaint to the court by **September 6, 2011**, at which point the court will issue an order directing service of the amended complaint.

IT IS FURTHER ORDERED that the motion for appointment of counsel [Dkt. #3] is DENIED without prejudice.

Finally, IT IS ORDERED that Promedica Health System-Bixby Medical Center and the unnamed medical employment service or agency are DISMISSED from this action.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  August 4, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 4, 2011, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-12560.Jones.bh.wpd