**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CLARK JONES,

    Plaintiff,

v.                                                                  Case No. 11-CV-12560

SAVITHRI KAKANI, et al.

    Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING MOTIONS TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On June 8, 2012, Magistrate Judge Michael Hluchaniuk issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court grant Defendants' dispositive motions.  The Magistrate Judge also issued an order denying Plaintiff's motion to amend, as nothing in his motion cured the deficiencies identified in the R&R.  Plaintiff filed a motion for reconsideration of the denial of the motion to amend and objections to the R&R.  For the reasons discussed below, the court will overrule Plaintiff's objections[1] and adopt the R&R in full.  The court will also deny the motion for reconsideration.

---

[1]On July 17, 2012, Plaintiff filed a supplemental brief in further support of his objections.  There is no procedure for allowing supplemental briefs presenting additional untimely objections, and the court rejects the brief as untimely.  Nonetheless, the court has reviewed the supplemental brief and finds that the arguments presented therein are without merit.

## I. STANDARD

### A. Objections

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

**B. Reconsideration**

To obtain reconsideration of a court order, a movant must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled," the correction of which "will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co. v. Design Forum Architects, Inc.*, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008) (citing *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

## II. DISCUSSION

In his R&R, the Magistrate Judge recommended that the court dismiss Plaintiff's federal claims for failure to exhaust his administrative remedies and decline to exercise supplemental jurisdiction over his state law claims. Most of Plaintiff's objections focus on the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies. The court will address each objection in turn.

**A. Objection # 1 and Motion for Reconsideration**

Plaintiff first objects that the Magistrate Judge erred in denying his motion to amend. Plaintiff concedes that nothing in his motion to amend would cure the deficiency noted by the Magistrate Judge, but argues that his amended complaint would add an additional claim, party, and facts. Plaintiff, however, misses the point. If the court accepts, as it will, that he has failed to exhaust his administrative remedies, it must

dismiss his federal claims. At that point, the court agrees with the Magistrate Judge that it should decline to exercise supplemental jurisdiction over the state law claims. The United States Court of Appeals for the Sixth Circuit has stated that when all federal claims are dismissed before trial, pendant state-law claims should normally be dismissed or remanded to the state court. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir.1996). Only "overwhelming interests in judicial economy may allow a district court to properly exercise its discretion and decide a pendent state claim even if the federal claim has been dismissed before trial." *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991).

Because, as Plaintiff agrees, his proposed amended complaint does not remedy the failure to exhaust, the Magistrate Judge was correct to deny the motion to amend the complaint. The addition of additional facts, state law claims, or parties does not affect this outcome. Plaintiff's first objection must therefore be overruled. Likewise, his motion for reconsideration on this issue must also be denied. He has not identified a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled," the correction of which "will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). The court finds the Magistrate Judge was correct in denying the motion to amend.

### B. Objection # 2

In his second objection, Plaintiff argues that the Magistrate Judge erred in not applying the analysis set forth in *Ellis v. Vadlamudi*, 568 F. Supp. 2d 778 (E.D. Mich. 2008), which held that a late grievance nonetheless constituted administrative exhaustion because the grievance concerned an ongoing violation and because the

grievance was addressed by the prison system despite its untimeliness. The court has conducted a de novo review of this issue, and agrees with the Magistrate Judge's conclusion that Plaintiff's grievance was focused on a single, discrete wrong, rather than an ongoing failure to treat or complaint. As such, *Ellis's* reasoning is inapplicable here. Plaintiff's objection is overruled.

### C. Objection # 3

In his third objection, Plaintiff argues that the Magistrate Judge erred in not applying *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984), which held that the statute of limitations did not begin to run until the plaintiff knew or had reason to know of the injury. But as the R&R correctly pointed out, *Sevier* applies to statutes of limitations, not to prison grievance deadlines. (R&R at 15.) Plaintiff has not cited any case, and the court is aware of none, applying the *Sevier*'s holding that in the context of administrative deadlines. Plaintiff attempts to rely on *United States v. Kubrick*, 444 U.S. 111 (1979), but this case was also a statute of limitations case. Moreover, the court agrees with Defendants that the record makes clear that Plaintiff knew of his potential injury shortly after the time of his biopsy (*see* R&R at 15-16), and yet failed to file a grievance until March 8, 2011. Thus, even if *Sevier* could apply, the facts do not support its application as a matter of law. Plaintiff's third objection is overruled.

### D. Objection # 4

Plaintiff next argues that he had a "valid reason" or "good cause" for his delay in pursuing his grievance and the Magistrate Judge erred in disagreeing. It is true that the Michigan Department of Corrections allows untimely grievances to be pursued if the prisoner establishes a valid reason for the delay. MDOC Policy Directive

5

03.02.120(G)(3). However, for the reasons adequately set forth by the Magistrate Judge, Plaintiff did not establish a valid reason to excuse his tardiness under MDOC policy. (R&R at 15-16.) Having conducted a de novo review of this issue, the court finds that the Magistrate Judge was correct in this analysis.

### E.  Objection # 5

In his fifth objection, Plaintiff appears to challenge the Magistrate Judge's conclusion that he had sufficient information prior to March 3, 2011 to initiate his grievance. The court has already touched on this argument in the context of Objection # 3, but states again that the Magistrate Judge correctly found that Plaintiff had knowledge of his alleged injury around the time of his biopsy procedure. As the Magistrate Judge astutely pointed out, record evidence reveals that Plaintiff knew "he did not receive adequate information *before* the procedure, that he experienced pain *during* the procedure, and that he believed *shortly after* the procedure that the biopsy was the cause of his pain and nightmares." (R&R at 16, emphasis in original.) This conclusion is supported by the record, and Plaintiff's fifth objection must necessarily be overruled.

### F.  Objection # 6

In his R&R, the Magistrate Judge also found that even if MDOC had overlooked Plaintiff's lengthy delay in filing the grievance, Plaintiff still did not satisfy MDOC's requirement that he attempt to informally resolve his issue orally before filing a written grievance. (R&R at 16.) In his sixth objection, Plaintiff contends that the Magistrate Judge should have focused on the question of availability of exhaustion procedures. Because the court has already agreed that Plaintiff knew of his alleged injury in time to

6

meet the available grievance procedures, Plaintiff's argument is largely moot. Nonetheless, even accepting Plaintiff's argument that he did not discover his injury until years later, this does not excuse his failure to attempt to informally resolve his grievance orally. Plaintiff's objection does not remedy this failure and must therefore be denied.

Accordingly, having reviewed the Magistrate Judge's thorough R&R, and conducted a de novo review of the issues raised by Plaintiff's objections, the court concludes that the R&R was correct. As such, the court will adopt the well-reasoned R&R and grant Defendants' motions to dismiss.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections [Dkt. # 70] are OVERRULED, and the Magistrate Judge's Report and Recommendation [Dkt. # 68] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendants' motions to dismiss [Dkt. ## 37, 39, 43] are GRANTED and Plaintiff's motion for reconsideration [Dkt. # 71] is DENIED.

A separate order of dismissal will issue.

                 s/Robert H. Cleland  
                 ROBERT H. CLELAND  
                 UNITED STATES DISTRICT JUDGE

Dated:  September 25, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 25, 2012, by electronic and/or ordinary mail.

                 s/Lisa Wagner  
                 Case Manager and Deputy Clerk  
                 (313) 234-5522